IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

WILLIE JAMES WASHINGTON, Plaintiff,

vs.                                                Civil No: '08 CV 0701 DMS WMc

THE SAN DIEGO COUNTY SHERIFF DEPARTMENT,

LT. BANKS - DEPUTY SHERIFF,

CAPTAIN PEÑA - DEPUTY SHERIFF, Defendants.

FILED APR 16 2008 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY DEPUTY

2354 — 1983
FILING FEE PAID  Yes ___ No ✓
IFP MOTION FILED  Yes ✓ No ___
COPIES SENT TO  Court ✓  ProSe ___

JURISDICTION

This is a 42 U.S.C. Section 1983 Civil Rights Lawsuit, brought pursuant to the title 28 U.S.C. Section 2201-2202 for Damages, and Venue is invoked on pendent jurisdiction of this Court.

This suit exceeds $75,000.00 excluding costs and fees.

PARTIES

Plaintiff Willie James Washington, is at all times mentioned relevant to this cause of action, and is a citizen of the U.S. of America, and a resident of San Diego, California.

Defendant San Diego County Sheriff Department, is a municipality of the State of California, whom own, operates, manages, directs all jails' in the San Diego County District, of which currently has plaintiff in her custody and care of incarceration.

Defendant Lt. Banks, is at all times mentioned relevant to this cause of action, and is a deputy San Diego Sheriff employee that assists in supervision of deputies employed inside George F. Bailey Detention Facility and Central Jail.

Defendant Captain Peña, is at all times mentioned relevant to this cause of action, and is a deputy of San Diego Sheriff employee that assists in the supervision of deputies employed in George F. Bailey Detention Facility.

All Defendants' herein are sued in their individual capacities for acts or omissions done under color of state law.

BRIEF STATEMENT OF THE CASE INTRODUCTION

This suit primarily is based on denial of medical care and treatment

for serious medical illnesses or denial of medical care of injuries sustained inside the jail as well as prior to being incarcerated. It is furthermore brought for unlawful or unconstitutional conditions of confinement such as filty shower stalls, mold breeding, live wild birds flying in the cell blocks and living inside the cell blocks, nats and/or flies, spiders and other insects not being exterminated, foods being served for consumption by inmates tasting nasty, cold and un-nutrient with water left in serving trays, and small portions servings, no adequate cleaning supplies issued, no mops. Inmates Requests and grievances ignored or no timely responses had and stale water left standing on the restroom floors daily and no toilet brushes issued, and A.C. vent covered with dust and producing recycling dusty un-clean air that plaintiff and others incarcerated do breath daily and finally but not least sprinkler fire system control values clogged with dust and wont work properly if a fire starts due to caked on layers of dust build up for years. That said acts of misconduct are malicious and/or flagrant egregious.

## STATEMENT OF MATERIAL FACTS

1. That on or about March 05th, 2008 plaintiff were arrested on un-related criminal charges by San Diego Police Dept., in San Diego, Ca., and booked into San Diego County Sheriff Dept., Jail, on a $20,000.00 bond.

2. That prior to said arrest plaintiff had a doctor's prescribed metal walking cane, due to balance disorder work related lower back sciatica injuries and plaintiff did then and there informed the jails intake medical nurse of the same, but to no avail would medical staff give plaintiff any walking cane, and would only prescribed ibuprofen 800 m.g. 3× daily and no vicidan or percoset pain relievers plaintiff were on.

3. That also during medical intake there were a breach of plaintiff's client and physician privacy rights, as the intake nurse asked plaintiff, Mr. Ronnie Rivers and another detainee medical information about ourselves all together at the same time, thereby breaching the

2.

confidentiality rights of each of us, for example plaintiff had to inform the intake nurse of having Hepatitis types B & C disease, only after plaintiff orally objected to being medically screened in said fashion. That is when the intake nurse and the arresting officer said it were proper policy to medically screen all detainees in this manner to save time, and for economical gains.

3. Thereafter plaintiff filed numerous grievances and sick call slips about the explicit policy of having "no" medical confidentiality rights during screening at intake booking and of not receiving adequate medical equipment and prolonged, unnecessary or unreasonable delay in providing medical care and treatment of plaintiff's serious sciatica medical spine disease, in lower back.

4. That on or about March 07th, 2008, plaintiff's lower back and both legs gave out on him and plaintiff fell and injured or fractured his left elbow and suffered multiple scars around his left elbow and on his left leg and right ankle and reported it to security staff while in San Diego Central Jail in housing unit 8B and security staff refused to make out an incident report to conceal this incident and once plaintiff filed a grievance defendant San Diego County Sheriff Department jail did then and there on March 10th, 2008 transferred plaintiff to George F. Bailey Detention Facility, therein the harassment steadily increased.

5. That on March 09th, 2008 defendant San Diego County Sheriff Dept, medical jail unit wrote plaintiff a memo, stating that on March 08th, 2008 plaintiff would been medically seen by their doctor.

6. Plaintiff questioned the content date of March 08th, 2008 scheduling that never happen and security staff claimed that the medical staff said plaintiff refused to be seen, and plaintiff learned of this on March 19th, 2008 medically claimed plaintiff refused medical care, which is a false or misrepresentation made in the business medical records of plaintiff.

7. That the transfer of plaintiff from San Diego Central Jail to George F. Bailey

3.

Detention Facility is a much harsher jail wherein inmates tells another inmate what to do which guards allow it "politic" to keep down racial riots, and security staff give out group punishment or threatens too if one inmate violates their rules.

8. That the acts or lack thereof of defendants stated in paragraphs 1 through 7 demonstrates a deliberate indifference toward plaintiff's rights to receive medical care and treatment without being harassed, and "intentionally spoliation of evidence" to defeat or disrupt the plaintiff from redress recovery from defendants being liable to plaintiff for being injured while in their care and custody by extortion (sic) such as abuse of legal process by filing a false report in plaintiff's medical records, inadequate grievance process.

9. That on or about March 22nd, 2008 defendants deputy R. Smith "ARJIS" #5070 stated to plaintiff that he is familiar with the medical unit staff in that once all inmates are scheduled to see the doctor on a given date and the doctor can not examine them all on that date, then the policy is to write in those inmates not seen medical charts that said inmate refused to be seen by the medical unit to cover-up for medical staff being short staffed, were maliciously done to cause harm in the same manner to plaintiff.

10. Despite the above plaintiff has and continues to sustain intentionally wanton infliction of pain in body and mind from the unnecessary delay in providing medical care and being subjected to at least 3 doctor's appointments not being escorted to by defendants' security staff, without any penologist justification, that caused irreparable damages as a result of denial of medical attention.

11. That on or about March 13th, 2008 plaintiff were transferred to building 8 unit facility and were scheduled to see a doctor on March 14th, 2008, upon plaintiff submitting a request inquiry asking whether plaintiff still going to be seen by the doctor, defendants' security staff transferred plaintiff back to George F. Bailey Detention Facility and then cancelled said scheduled doctor's appointment

4.

without due process of law, and again on March 17th, 2008 said doctor's appointment were cancelled.

12. That defendants' medical unit doctor started plaintiff on ibuprofen 800mg., stopped it and on March 20th, 2008 restarted said over the counter medicine, which doesnot do anything to relieve pain and mental discomfort plaintiff continues to have daily that often plaintiff can't sleep well at nights and often awaken at nights in extreme pain in his lower back and both legs, the pain pills prescribed by doctor were never give to plaintiff.

13. Furthermore plaintiff contacted a foot fungus between his left pinky toe on or about March 10th, 2008 and sent in a sick call request slip and file grievances for not being seen. This foot fungus eaten a hugh hole in said toe and between the two (2) toes and started to stink from the raw fresh smell and finally on March 20, 2008, defendants' medical doctor gave plaintiff medicine for that problem, which came from the shower stalls being un-sanitary and stale water on the restroom floors, that contains body waste tissue and fluids and foot diseases and germs.

14. That plaintiff upon being transferred from building 8 back to George F. Bailey on or about March 14th, 2008 defendants' Lt. Banks and Captain Peña knew that 2C 209 housing unit were full of mold on the walls inside said facility living quarters for more than 2-months and did then and there caused plaintiff to be housed in a top bunk were the mold run and contrary to doctor's orders that plaintiff should be assigned to a low bunk due to plaintiff serious health illnesses. Nonetheless plaintiff started to having severe headaches, dizziness and loss of breath from breathing the mold and/or from the un-clean dusty recycled air, and defendants acknowledge in their reply to plaintiff's grievances that they were aware of said dangerous living conditions. That said acts or lack thereof constitutes a deliberate indifferent toward plaintiff's rights to be free from cruel and inhumane living conditions of confinement that subjected plaintiff to a forseeable excessive risk of imminent danger to plaintiff's life, health and safety, by defendants reckless misconduct, that is prohibited by the 8th and/or 14th Amends to U.S.C.A

5.

15. Defendants conditions of confinement were in they house plaintiff is so poor that it amounts to cruel and unusual punishment in violations of plaintiff 8th and 14th Amends U.S.C.A. rights and interests, by for example the ventilation system to cause fresh air to circulate in the modules at George F. Bailey Detention Facility are so conjectured with dust and other foreign air borne debris that it clogs the vent and release un-clean recycle air into all living inmates quarters at said facility, preventing inmates including plaintiff from receiving fresh recycle air and all defendants are aware of this and have the power to intervene and correct this and failed or grossly negligently refuse to do so, thereby exposing plaintiff to breathe un-clean air that aren't being recycled and dust on windows and walls.

16. Defendants refuses or intentionally, knowingly and willfully failed to provide inmates including plaintiff with adequate cleaning supplies, toilet brushes, and mops, and no chemicals to disinfect the shower stalls, the toilet seats, and the face sinks and no way to clean up stale body fluids waste water from shower stalls and urine leaked onto the floors and into the stale water that inmates walk in an track underneath their shower shoes all over their living quarters, and dirty towels, socks and underwear are left in the stale waste water standing in the restroom on a daily basis, soaking on the floors, in pools of said stale waste water and defendants subordinate colleague deputies and the San Diego County Sheriff Department hires, trains and supervisors observe said filthiness during each shifts numerous walk through rounds and fail or refuses to have unlawful or unconstitutional living conditions corrected or refuse to note it in their log books or take any corrective measures, thereby aiding germs or diseases to grow at random and spread to inmates including plaintiff or exposing inmates and plaintiff to maladies that of which some diseases or germs may or are life threatening. Nevertheless also for instant defendants have wild birds living inside the building module where inmates

6.

and plaintiff are housed and refuse to call animal control to remove them. Finally but not least the insect population of spiders, nats and flies during this spring time of the year are out of control and defendants while acknowledgment of this in a response to a grievance refuses or failed intentionally to spray chemicals to exterminate said pests, by defendants unlawful thrivings.

15. That during daily feeding of inmates their meals nats and flies buzz and land all over their foods, and the foods being served are often cold, taste nasty, small portions being served for consumption, water left in meal trays from the dish washer and un-nutrient and inmates including plaintiff are often hungry during the day light and night time an awaken hungry from not having ample amount of food to eat during any one of the 3 meals. This stale water stays in high spots around the toilets.

16. Defendants San Diego County Sheriff Dept., Lt. Banks and Captain Pena and the policy making officials has instituted, formilate and do enforce policies or custom that they are aware of subsequently knew said practices are illegally or unconstitutional as being in violation of plaintiff's well established federally protected rights, immunities and interests without DUE PROCESS of LAW where the approximate moving forces behind plaintiff's secured rights being breached and defendants' tolerated sheriff's deputies assigned as guards acts or omissions by way of intentionally failing or refusing to adequately hire, train and supervise their subordinates of which defendants knew are unqualified for the post of positions assigned to them and refused to reassign said unqualified deputies, thereby encouraging said deputies to believe their acts or lack thereof were lawful, thereby demonstrating that defendants' acquiescent in said incidents of misconduct.

17. On or about March 26, 2008 plaintiff received x-rays on his left elbow. Defendants owed plaintiff a duty to provide plaintiff with medical care.

18. On or about March 26, 2008 plaintiff received a March 25, 2008 law library

7.

scheduling appointment as a direct result of deputies not passing out in-house mail and/or in-coming U.S. postal service mail for 2-days, of which plaintiff again deprived of a benefit to do legal criminal case research work to assist his attorney in preparing plaintiff's defense without DUE PROCESS of LAW.

19. That on or about March 18, 2008 plaintiff's criminal defense attorney Mary Knockeart made a telephone call to defendants reminding defendants' exactly what the criminal court judge said about plaintiff needing medical care, and thereafter plaintiff were seen by medical doctor Adam for the first time, are truly atypical monsterous atrocious.

20. Despite all grievances that plaintiff submitted defendants' Lt. Banks and Captain Peña, are aware or reasonably should have been aware of all incidents in this Complaint in paragraph #1 through 19 during their visits to the housing modules control rooms where plaintiff were assigned and the grievances on file and not once did said defendants' act on any of the grievances, thereby approving their subordinates policy making decisions of labelling some grievances as not a grievance or in answering for another department such as medical unit department to unlawfully circumvent plaintiff from filing a grievance and/or appealing their decisions, which constitutes no supervision of subordinate deputies, malicious abuse of process, allowing subordinates at random on a wide spread pattern of practice to make and change policies when it comes to plaintiff filing grievances.

21. Plaintiff herein repeats, realleges and incorporates by references the allegations asserted in paragraph 1 through 20 as if fully set forth and made this paragraph. Pain pills were ordered on 3/21/08 but not given until 3/28/08.

## DAMAGES

22. Plaintiff as a direct result of defendants' has and continues to sustain grave injuries and damages in violation of the plaintiff's well established rights, immunities, privileges and interests without DUE PROCESS OF LAW by way of the

8.

injuries and damages (sic) for example wet underwear, socks, and towels are being thrown into the stale water on the floor in the restrooms and left there for days, mops are not being issued, food being daily served for consumption are cold, tasting nasty, plastic trays has dish washing water standing in the empty and full meal slots on every meal servings of breakfast and dinner meals, but the foods being served has being over cooked or under-cooked and has no nutrient value in them, plus the fact the amount of foods servings are so small that it is not a day pass that plaintiff and other inmates after feeding time are full and often goes during day time and night time hours hungry pains starts and does not decrease. Furthermore plaintiff like so many other inmates often do not slept well at nights because of awaking from the hungry pain from the lack of ample foods being served at each meal serving and plaintiff also awaken in pain from the severe sciatica illness in plaintiff's lower back that runs down both legs and pain in his left elbow. That because of some or all of the damages herein mentioned plaintiff continues to sustain being stricken with extreme physical pain in body and mental distress.

23. That on or about March 31st, 2008 Sammy Lee Washington the plaintiff's sibling born mailed plaintiff 2 letters. Plaintiff received the first letter informing plaintiff that to be on the look out for the second letter sent "PRIORITY" mailing which contained a $20.00 check and a SDI $806.00 disability check and several documents sent by workers comp and California State Disability Office to plaintiff at plaintiff's sibling brothers home. That without any notice defendant DANIEL PEÑA, Captain of the San Diego County Sheriff Department, on or about April 03rd, 2008 did then and there took it upon himself and ordered or directed that said parcel of priority mail is determine to be a threat to security and rejected the plaintiff from receiving it. That said defendant PEÑA, knew that the contents contained in said parcel of mail were non-contraband correspondence items, but said acts or omission of defendant were done in retailation for the plaintiff filing meritorious grievances against medical and security staff that

10.

are detailed described herein in this Complaint. Plaintiff submitted two grievances and a request form in about this parcel of mail not arriving or being rejected without DUE PROCESS of LAW, in violation of plaintiff's rights to communicate with family members in the outside walls of defendants' jail demonstrates misconduct done intentionally to interfere with plaintiff's family ties in order to further silence plaintiff by way of harassment to prevent plaintiff from using monies in said lawful checks to post bond with "HOT LINE BAIL BONDING CO., as plaintiff has been in contact with said bonding company whom is waiting on said monies to be put on plaintiff's books at the jail for them to post plaintiff's bond. Plaintiff realleges, repeats, and incorporates by references paragraph 1 through 23 and makes them is paragraph as if fully set forth herein

## RELIEF

Plaintiff hereby demands:
1) trial by jury; 2) An Emergency Evidentiary Hearing for Declaratory and Injunctive Relief reflecting that defendants are enjoined for all issues wherein in this Complaint that is adjudicated as being unlawful or unconstitutional as in violation of the FIRST or EIGHTH or NINTH or FOURTEENTH AMENDMENTS to U.S.C.A. without DUE PROCESS of LAW or EQUAL PROTECTION CLAUSES or under the Constitution Provisions of the State of California; 3) Award Compensatory Damages of at least jointly and severally of $1,500,000.00 against each defendant; 4) Punitive Damages be awarded for $20,000,000.00 and; 5) Reasonable Attorney Fees and Costs including whatever else Court deems just.

Plaintiff Willie James Washington, states pursuant to 28 U.S.C. Section 1746 on this March 28th, 2008 the above is true and correct

Willie James Washington          10.
Proper Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

WILLIE JAMES WASHINGTON, Plaintiff

vs.                                      Civil No: _____

THE SAN DIEGO COUNTY SHERIFF DEPARTMENT, et.al.,
                              Defendants.

# RULE 11

The Plaintiff declares:

1. That this is a meritorious Civil Rights Petition
2. That existing laws do support Plaintiff's claims for redress or that modification of laws will.
3. That no unlawful purposes were done, to harass, embarass or intice defendants to spend un-necessary monies, nor to waste scraced resources or costly litigation, or any other unlawful purposes.

Dated: March 28th, 2008

Respectfully Submitted,

Willie James Washington

Willie James Washington
Plaintiff Proper
228 Chambers Street Apt. C-1
El Cajun, CA 92020

12.

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

**FILED**
APR 16 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

FILING FEE PAID: Yes ___ No ✓
IFP MOTION FILED: Yes ✓ No ___
COPIES SENT TO: Court ✓ Prison ___

## I (a) PLAINTIFFS
Willie James Washington

## DEFENDANTS
SD County Sheriff Department

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Willie James Washington
446 Alta Road, Suite 5300
San Diego, CA 92158
8116497

**ATTORNEYS (IF KNOWN)**
'08 CV 0701 DMS WMc

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)
☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

42 U.S.C. 1983

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| ☐ Other Contract | | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☒ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)
☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
**DEMAND $** 
Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE _____ Docket Number _____

DATE  4/16/2008

SIGNATURE OF ATTORNEY OF RECORD
R. Molly